TYMKOVICH, Circuit Judge,
dissenting.
We have consistently applied a “bright-line” rule to requests for consent to search during traffic encounters. Consent is properly obtained under our cases only after a traffic stop has ended and the driver is free to leave. See, e.g., United States v. Holt, 264 F.3d 1215 (10th Cir.2001). Today’s holding carves out an exception to that rule for passengers, and instead looks to the expectations of the “objective passenger.” While I have some reservations about the merits of the bright-line rule, see United States v. Wilson, 96 Fed.Appx. 640 (10th Cir.2004) (Tymkovich, J., concurring), it is the law of the Circuit and is not at issue today.[1] In my view, our precedent requires us to apply the bright-line rule to the facts of this case. The traffic stop ended when the officer returned Mr. Cipres’s driver’s license to him with a warning and permitted him to return to his car. Neither Mr. Ciprés nor Mr. Guerrero were detained at that point. And nothing in the record suggests their subsequent consent to additional questioning and the search was the product of coercion or intimidation. Accordingly, (1) since the traffic stop had ended, and (2) consent had been freely given, then (3) the search of the car was lawful.
Our precedent is well settled that a “traffic stop may become a consensual encounter, requiring no reasonable suspicion, if the officer returns the license and registration.” United States v. Bradford, 423 F.3d 1149, 1158 (10th Cir.2005). The “voluntary cooperation of a private citizen in response to non-coercive questioning” is a mainstay of routine encounters between police and the public, and should be encouraged. Id. After a traffic stop has ended, when a “driver voluntarily consents to additional questioning, no further Fourth Amendment seizure or detention occurs.” Id. at 1159.
During the traffic stop itself, we have previously limited police questioning to routine inquiries into car ownership, travel plans, and possession of loaded weapons. Id. at 1156; Holt, 264 F.3d at 1221-22. In a recent application of these principles, however, we recognized that questioning “regardless of topic” that does “not prolong the detention [during] the license check” is no longer off limits. United States v. Alcaraz-Arellano, 441 F.3d 1252, 1259 (10th Cir.2006) (applying Muehler v. Mena, 544 U.S. 93, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005)); United States v. Wallace, 429 F.3d 969, 974 (10th Cir.2005). *1312 Thus, routine questioning that has a de minimis affect on the duration of the traffic stop is now permissible.
The majority opinion conflicts with these principles. First, our cases applying the bright-line approach naturally look to the driver’s Fourth Amendment interests. The driver ordinarily controls the vehicle — when the driver is free to go, the passenger is free to go. See United States v. Erwin, 875 F.2d 268, 270 (10th Cir.1989) (“Drivers and passengers have similar interests in ... [the] unreasonable seizure [context].”). The majority opinion unnecessarily introduces a new element to an officer’s assessment of the encounter— does the passenger know that the traffic stop has ended? To the extent the passenger benefits from our bright-line rule preventing lawful requests for consent during the driver’s detention, similarly the officer should benefit from the rule once the traffic stop has ended. If the driver agrees to additional questioning at the conclusion of a traffic stop, the encounter becomes consensual as to both the driver and passenger. It make little sense to add to the officer’s calculus a new “objective passenger” consideration.
In this case, after the traffic stop ended, Mr. Ciprés consented (1) to additional questioning, and (2) to the officer speaking with Mr. Guerrero. The officer was detaining neither Mr. Ciprés nor Mr. Guerrero at that time and the subsequent search was consensual.[2]
Second, the majority opinion’s new rule conflicts with our recent decision in Alcar-az-Arellano. If the traffic encounter has not ended so far as the passenger is concerned, as the majority maintains, any questioning that does “not prolong the detention” is permissible “regardless of topic.” 441 F.3d at 1259 (applying Muehler v. Mena, 125 S.Ct. at 1471-72). Accordingly, even if Mr. Guerrero was unaware of the return of Mr. Cipres’s driver’s license, he may still be subject to consensual questioning. The additional questioning did not prolong the detention — in any objective sense — because both driver and passenger were free to go. The majority agrees that the traffic stop ended before Mr. Guerrero was questioned, but then concludes that the officer’s questioning “prolonged the detention.” (Op. at 1308 n. 6). This conclusion cannot be squared with applicable Tenth Circuit and Supreme Court precedent.[3]
Finally, our cases should promote cooperation between police and citizens. Absent a show of force, there is no good reason to add another layer of complexity to our Fourth Amendment traffic stop jurisprudence, especially in cases like this one where the district court found consent to additional questioning and the search by both the driver and the passenger. In any event, I fail to see why the Fourth Amendment would compel a per se rule barring consent obtained during the course of a routine traffic encounter.
Applying our error standards, several conclusions follow: (1) the traffic encounter ended for all parties when the officer *1313 returned Mr. Cipres’s driver’s license with a warning; (2) Mr. Cipres’s consent to additional questioning was voluntary; (3) Mr. Guerrero was not detained under our bright-line rule and his consent was voluntary, and (4) even if Mr. Guerrero was detained according to an objective passenger standard, the additional questioning did not prolong the encounter and was permissible.
I would therefore uphold the search under the totality of the circumstances.

. My reservations with Holt are three-fold: (1) it bars even de minimis non-coercive requests for consent; (2) it creates an arbitrary category of questioning (requests for consent) that are off limits, but allows questioning pertaining to travel plans and concealed weapons; (3) it conflicts with the Supreme Court's totality of the circumstances approach. See Muehler v. Mena, 544 U.S. 93, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005); Ohio v. Robinette, 519 U.S. 33, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996).

. It makes no difference that Mr. Guerrero owned the car. The detention ended when Mr. Ciprés was released; Mr. Ciprés and Mr. Guerrero consented to further questioning at that time despite the fact that both were free to leave. In addition, nothing suggests the officer was detaining Mr. Guerrero for further questioning regarding his proof of insurance after the car's registration had been returned.

. Under Alearaz-Arellano, the case would be even clearer as to Mr. Guerrero if consent had been sought while the officer was completing the routine paperwork associated with the traffic stop.